**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Paviell Johnson

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAVIELL JOHNSON,**  Plaintiff,  v.  **GREEN DOT CORPORATION,**  Defendant | **Case No.:** 5:20-cv-1952  **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**  **THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ., AND NEGLIGENCE**  **DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. Plaintiff Paviell Johnson was waiting for her tax refund to arrive. When it did not, she suspected that it had been stolen and notified the debit card issuer in accordance with the law. Instead of crediting her account like they were supposed to, and performing an investigation which would have confirmed the truth of Plaintiff's claims, Defendant Green Dot instead blew Plaintiff off with a few form letter denials and left her to twist in the wind.

2. **PAVIELL JOHNSON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **GREEN DOT CORPORATION** for violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (hereinafter "EFTA") and negligence.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

# JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

States, 15 U.S.C. § 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's tortious act of negligence and violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (hereinafter "EFTA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## EFTA

10. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Bernardino, State of California. Plaintiff is currently and at all times complained of, a "Person" as that term is defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Defendant Green Dot Corporation (hereinafter "Defendant Green Dot") is a Delaware corporation operating from a Headquarters address of 3465 East Foothill Blvd, Pasadena, CA 91107 and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

///

## FACTUAL ALLEGATIONS

13. Plaintiff is an individual residing in the County of San Bernardino in the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

15. Plaintiff's account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

16. In early 2020, Plaintiff filed her personal income tax return with the expectation that she would be receiving a tax refund. Her tax preparer told her to come to the office to pick up that check when it was ready.

17. Plaintiff kept track of her refund status via the IRS online tool "Where is my Refund?" and on the date the money was transferred, on or about February 25, 2020 she drove to pick up her check.

18. Upon arrival, Plaintiff's tax preparer told her that a Walmart Moneycard issued by Defendant had been mailed to her home already.

19. When Plaintiff returned home on or about February 25, 2020 and did not find any correspondence from Defendant, she suspected that her mail had been stolen.

20. On or about February 25, 2020, Plaintiff called Defendant to report that her tax refund was missing, that someone may have stolen it and that any charges to the card were therefore fraudulent.

21. On or about February 26, 2020, Plaintiff had a conference call with Defendant, her tax preparer, and her tax preparer's bank during which Defendant blamed Plaintiff's tax preparer for Plaintiff's problem and hung up the phone.

22. During subsequent days, Plaintiff called Defendant hoping to find someone who would help her recover her tax refund.

23. On one occasion, Defendant recommended that Plaintiff file a police report

regarding the theft.

24. On March 27, 2020 Plaintiff filed a Police Report with the San Bernardino County Sheriff's Department stating that she suspected that her mail had been stolen and that someone had used her identity to steal all of the tax refund money on the debit card.

25. On another occasion, Defendant told Plaintiff that someone posing as Plaintiff had called Defendant and changed the address associated with Plaintiff's account to one in Los Angeles county, 150 miles from where Plaintiff lives, and that this imposter also changed the associated PIN code.

26. Plaintiff continued to call Defendant periodically and received no new information until, on another occasion, Defendant asked Plaintiff to send Defendant letter stating her issue and proving her identity and true address – which Plaintiff did by combination of mailing a written letter and emailing a copy of her ID and proof of her address in San Bernardino County to Defendant.

27. On March 27, 2020 Plaintiff filed a Police Report with the San Bernardino County Sheriff's Department stating that she suspected that her mail had been stolen and that someone had used her identity to steal all of the tax refund money on the debit card.

28. After filing her Police Report, Plaintiff informed Defendant of that fact and provided both the Police Report number and the name of the officer in charge of the police investigation.

29. On information and belief, all of the fraudulent charges to the debit card were made in the County of Los Angeles.

30. Between February 28, 2020 and March 27, 2020, the thief consumed the entire debit card balance of $5,048.10.

31. The abovementioned charges were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

32. By letter dated April 6, 2020 and delivered by Defendant to Plaintiff via Email, referencing Case Number 37530739, Defendant acknowledged Plaintiff's dispute, represented that Defendant had reviewed relevant information including transaction and account activity, and told Plaintiff that there had been no error and that Plaintiff's claim was denied.

33. Plaintiff then called Defendant back and asked to have her case reopened. Defendant agreed to do so and gave Plaintiff a new case number: 37936340.

34. On or about April 10, 2020, Plaintiff mailed a written dispute to Defendant appealing Defendant's denial of her claim due to mail theft and fraud and included her San Bernardino County Police Report number as well as the name and phone number of the Deputy in charge of the case along with a request to please call the Deputy to confirm her claim. In her written dispute, Plaintiff referenced "Case #37530739 changed to 37936340" and included her personal contact details.

35. By letter dated April 16, 2020 and delivered by Defendant to Plaintiff via Email, referencing Case Number 37936340, Defendant acknowledged Plaintiff's dispute, represented that Defendant had reviewed relevant information including transaction and account activity, and told Plaintiff that there had been no error and that Plaintiff's claim was denied.

36. Plaintiff replied to this letter via Email on April 17, 2020 and again told Defendant words to the effect of "[incorrect address] is not my address. I do not live there somebody is responsible for give me my money back I have written you guys a dispute letter if should have reached you by now we need to continue on with the investigation. Thank you."

37. By letter dated April 30, 2020 and delivered by Defendant to Plaintiff via Email, referencing Case Number 38330515, Defendant acknowledged Plaintiff's dispute, represented that Defendant had reviewed relevant information including transaction and account activity, and told Plaintiff that there had been no error and

that Plaintiff's claim was denied.

38. Plaintiff continued to call Defendant and, on June 27, 2020, spoke to a representative named Dan.

39. Between February 25 and June 27, 2020, Plaintiff called Defendant approximately 20 times and on most, if not all, of those calls, reiterated the fact that her debit card had been stolen and that any charges were fraudulent.

40. On or about June 29, 2020, Plaintiff again mailed to Defendant explaining the details of the fraud and supplied her Police Report number as well as her personal contact information.

41. On or about the middle of July, 2020, Defendant, by large envelope postmarked from its Headquarters on July 10, 2020, delivered to Plaintiff by mail to her home in San Bernardino county what Defendant claimed was the entire transaction history for the debit card. This was the first time Plaintiff had received any account statements from Defendant and the first time Plaintiff had received any mail from Defendant.

42. At no point did Defendant request additional information from Plaintiff to assist with Defendant's investigation.

43. On information and belief, at no point did Defendant contact the San Bernardino Sheriff's Department.

44. Defendant failed to provisionally re-credit Plaintiff within 10 days of Plaintiff's dispute.

45. Defendant never provisionally re-credited Plaintiff's account.

46. Defendant's form letters failed to provide an explanation regarding its decision to reject Plaintiff's claims.

47. Defendant's April 6, 2020 letter identified a dispute in the amount of $5,033.04, and not the actual amount disputed by Plaintiff which is $5,048.10.

48. Defendant's April 30, 2020 letter identified a dispute in the amount of $4,953.07,

and not the actual amount disputed by Plaintiff which is $5,048.10.

49. Defendant did not make a good faith investigation of any the unauthorized electronic fund transfers.

50. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

51. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

52. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

53. Defendant imposed liability on Plaintiff for the entirety of the disputed transactions and fees of $5,048.10.

54. Through this conduct, Defendant violated 15 U.S.C. § 1693g(a).

55. Defendant owed Plaintiff notifications regarding the limitations of her liability in the event of fraud under 15 U.S.C. § 1693c(a)(1) and (2) at the time that her account was established, but, Defendant did not provide these notices until at least July 10, 2020.

56. Defendant knew that it had a legal duty to ensure that Plaintiff received required notices, to conduct a reasonable investigation into her fraud claim, to provisionally re-credit her account while it investigated and to not attempt to break Plaintiff's will to correct Defendant's deficiencies by repeatedly assigning her case new case numbers and closing them perfunctorily with nothing more than a form notification.

57. Defendant did not comply with that duty and that failure was a direct and proximate cause of Plaintiff's damages.

58. Defendant's despicable and outrageous conduct was performed knowingly, deliberately and willfully, with reckless disregard of the probable consequences, they were oppressive to Plaintiff, and they were malicious in that Plaintiff's

suffering as a result of Defendant's conduct was a virtual certainty.

## ACTUAL DAMAGES

59. Plaintiff has suffered actual damages as a result of these illegal tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, and difficulty affording food for her six children.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

## COUNT II
## NEGLIGENCE

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

64. Defendant violated at least one of its general duties of care to Plaintiff when it, inter-alia, willingly harassed, lied to, and failed to make any investigation into Plaintiff's claim of fraud and theft.

65. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

  a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendant and for Plaintiff, and,

  b) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendant and for Plaintiff, and,

  c) Award for pre-judgment interest against Defendant and for Plaintiff, and,

  d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to California Civil Code § 3924 against Defendant and for Plaintiff, and,

  e) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for Plaintiff, and,

  f) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against Defendant and for Plaintiff, and,

  g) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against Defendant and for Plaintiff, and,

  h) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against Defendant and for Plaintiff, and,

  i) Award to Plaintiff of such other and further relief as may be just and proper, including but not limited to, restitution, declaratory and injunctive relief.

## **TRIAL BY JURY IS DEMANDED**

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///

///

| | | |
|---|---|---|
| 1 | | **THE CARDOZA LAW CORPORATION** |
| 2 | DATED: September 17, 2020 | BY: */S/ MICHAEL F. CARDOZA* |
| 3 | | MICHAEL F. CARDOZA, ESQ. |
| | | LAUREN B. VEGGIAN, ESQ. |
| 4 | | ATTORNEYS FOR PLAINTIFF, |
| | | PAVIELL JOHNSON |